## COURTNEY *v.* MANNHEIM.

(*City Court of Brooklyn, General Term.*  June 22, 1891.)

SLANDER—MITIGATION OF DAMAGES—WORDS SPOKEN IN ANGER.

To say concerning plaintiff, "You are an Irish whore," is actionable *per se;* and it is no defense that the words were spoken in anger, and without any intention to impute to plaintiff a want of chastity, though such facts may be shown in mitigation of damage.

Appeal from trial term.

Action by Mary Courtney against Julius Mannheim.    There was a judgment for plaintiff, and defendant appeals.

Argued before CLEMENT and VAN WYCK, JJ.

*Magner & Hughes*, for appellant.    *Dailey & Bell*, for respondent.

PER CURIAM.    This action was brought to recover damages for an alleged slander.    The plaintiff charged in the complaint that the defendant, in the presence of divers persons, used the following words of and concerning plaintiff, "You are an Irish whore." . On the trial, the defendant denied that he spoke to the plaintiff the words alleged.    Plaintiff testified that the words were spoken in the presence of her two daughters.    The question of fact was passed upon by the jury, who found for the plaintiff.    We think that the learned judge charged the jury properly that the word "whore" is slanderous *per se*, and that the attending circumstances, namely, the heat of passion and vituperation, constituted no defense, but could be considered in mitigation of damages.    The counsel for defendant requested the court to charge that, if the defendant did not intend to imply a want of chastity in the plaintiff, the jury should find for the defendant.    This request was refused, and properly, for two reasons: *First*, the law implies that the words spoken were used in

their ordinary meaning; and, *second*, the defendant had denied that he had spoken the words. The counsel made no request for an instruction to the jury as to the effect if all the persons present understood, from facts in their knowledge, that the word spoken was used simply as vituperation, and not with the intent to imply that the plaintiff was immoral. If he had, the question which is now sought to be raised would be in case. Judgment and order denying a new trial affirmed, with costs.